**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MABRY PROPERTY MANAGEMENT LLC,**<br>**Plaintiff,**<br>**v.**<br>**BILLY SMITH,**<br>**Defendant.** | **1:17-cv-2336-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I. BACKGROUND

On June 5, 2017, Plaintiff Mabry Property Management, LLC ("Plaintiff") filed, in the Magistrate Court of DeKalb County, Georgia,[1] a dispossessory proceeding against its tenant, Defendant Billy Smith ("Defendant").[2] The

---

[1] No. 17D14527

dispossessory proceeding seeks possession of the premises occupied by Defendant, and past due rent.

On June 22, 2017, Defendant, proceeding *pro se*, removed the DeKalb County dispossessory action to this Court by filing a Notice of Removal [2] and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert in the removal petition that federal question jurisdiction exists because "the proceedings occurring [are] in violation of the Federal Protecting Tenants Act, Foreclosure Act Sec. 702, 15 USC [§] 1692(a) and the Fourteenth Amendment of the United States Constitution." (Notice of Removal [2] at 1).

On June 27, 2017, Magistrate Judge Johnson granted Defendant's application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed. The "Complaint," in this case, asserts a state court dispossessory claim. The Notice of Removal [2] appears to assert the existence of federal defenses or counterclaims, as grounds for proposed federal question jurisdiction. The Magistrate Judge found that claimed federal defenses or counterclaims do not confer federal question

---

[2] The original Complaint lists Defendants as "John Doe and All Others." The Answer lists "Billy Smith" as the Defendant and the Notice of Removal [2] was filed by Billy Smith. No "other occupant" defendants are identified and the Court considers Billy Smith as the sole defendant in this action.

jurisdiction. A federal question must be stated in the well-pleaded complaint. The Magistrate Judge found further that removal, under 28 U.S.C. § 1441, is not procedurally proper because Defendant is a citizen of Georgia, the state in which this action was originally filed. See 28 U.S.C. § 1441(b)(2). The Magistrate Judge concluded that the Court does not have federal jurisdiction over this action and recommended that the Court remand the case to the Magistrate Court of DeKalb County. (R&R [3] at 3).

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983). In this case there are no objections and the Court reviews the R&R for plain error.

B. Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question. It is well-settled that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that assertion of defenses or counter claims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Defendant states, in the Notice of Removal, that "the proceedings [are] occurring in violation of the Federal Protecting Tenants Act Foreclosure Act Sec. 702, 15 USC 1692(a) and the Fourteenth Amendment." (Notice of Removal [2] at 1). The federal issues raised by the Defendant are defenses or counterclaims to the dispossessory action and therefore are not a basis for removal based on the presence of a federal question.

Although not alleged in the Notice of Removal, the Court also concludes that diversity jurisdiction is not present in this action. Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Defendant here does not, in the

Notice of Removal, state the citizenship of either party and does not allege facts to establish diversity jurisdiction.[3] Even if complete diversity was alleged, the amount-in-controversy requirement is not met. "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d. 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). Removal based on diversity of citizenship is not available in this case.

The Court lacks both federal question and diversity jurisdiction and this action is required to be remanded to the DeKalb County Magistrate Court. See 28

---

[3] Defendant lists himself as "citizen of this state" on the Civil Cover Sheet [1.2] and does not list the citizenship of Plaintiff. Removal to the district court, in this action, is procedurally improper as Defendant is a citizen of the state in which the action was originally brought. See 28 U.S.C. § 1441(b)(2).

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 31st day of July, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE